**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELLA GLOVER,<br>        Plaintiff, | ) | JURY DEMANDED |
| | ) | |
| | ) | Case No.: |
| | ) | |
| | ) | |
| vs. | ) | Judge: |
| | ) | |
| | ) | Magistrate |
| KENWOOD HEALTHCARE CENTER, INC. | ) | |
|        Defendant. | ) | |

```
                                    FILED
                                    APRIL 10, 2008              YM
                                    08CV2030
                                    JUDGE KENDALL
                                    MAGISTRATE JUDGE KEYS
```

## COMPLAINT

Plaintiff, by her undersigned attorney, for her complaint of discrimination against

Defendant, Kenwood Healthare Center ("Kenwood"), states as follows:

## NATURE OF CASE

1.    The cause of action for Plaintiff, Ella Glover ("Glover"), arises under the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C  Section 621 et seq.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter based upon 29 U.S.C  Section

621, and 28 U.S.C. Paragraph 1331.

3.    Venue in the Northern District of Illinois is proper.  The claim for relief arose

in this state.

4.       All conditions precedent have been fulfilled by Plaintiff, including the filing of

a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")

of the United States Government, and a receipt of a Right-to-Sue Letter from the EEOC.

(EEOC Charges and Right-to-Sue Letters attached as Exhibit A).

## **PARTIES**

5.       Plaintiff, Glover, is female, and is more than forty (40) years of age and was

more than forty (40) years of age at all times material herein.  Plaintiff is a resident of the

state of Illinois.

6.       Defendant, Kenwood, conducts business in the state of Illinois and at all

times pertinent hereto, Defendant was engaged in an industry affecting commerce and has

had twenty or more employees for each working day in each of twenty or more calendar

weeks in the current or preceding calendar year.

7.       At times material herein, Defendant operated a health and rehabilitation

center located at 9716 South Jeffrey Boulevard, Chicago, Illinois 60617.

8.       That at all times relevant herein, Defendant, Kenwood, was Plaintiff's

employer for purposes of the ADEA.

## COUNT I
## Hostile Work Environment Harassment / Inferior Terms and Conditions of Employment Due to Age

9.    That Glover incorporates the preceding paragraphs by reference here.

10.    That Plaintiff was hired by Defendant on September 29, 1992, as a physical rehabilitation aid at Defendant's location in Chicago, Illinois.  During all relevant times herein, Plaintiff was employed by the Defendant as an certified nurses assistant ("CNA") and physical rehabilitation aid.

11.    That during her employment with Defendant, Plaintiff performed her assigned tasks in a satisfactory manner according to Defendant's standards.

12.    That during all material times herein, Defendant employed Barbara Bolden as a charge nurse.

13.    That beginning in August of 2005 and continuing until September 7, 2005, Glover was assigned to perform CNA duties on the fourth floor of Defendant's faciltiy.

14.    That from August of 2005 and continuing until September 7, 2005, Barbara Bolden was a supervisor on the fourth floor.

15.    That beginning in August 2005 and continuing until September 7, 2005,

Glover was subjected to harassing remarks based on her age, such as: "I'm sick and tired of you old people, you need to just quit"; "You're too old, you probably can't get another job"; "You're too old to lift your own patients, you need to quit"; and "I'm sick of you old folks, I can't tell you nothing, you all have been here too long and think you know everything."

16.    That beginning in August 2005 and continuing until September 7, 2005, Barbara Bolden would subject Glover to additional harassment by continually assigning Glover the heaviest patients to monitor while working on the fourth floor. When Glover asked to change assignments, Barbara Bolden would inform Glover that she could not change patients.

17.    That Glover's employment with Defendant on September 7, 2005 due to her age.

18.    That Defendant's treatment of Plaintiff was motivated by evil motive and intent and was in reckless and callous indifference to Plaintiff's federally protected rights.

19.    That Defendant's conduct subjected Plaintiff to unequal treatment due to Plaintiff's age, over forty, in violation of the law.

20.    That said age discrimination adversely affected the terms and conditions of Plaintiff's employment with Defendant.

21.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and her friends and family.

22.    As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered  extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity, painful embarrassment among her friends and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Glover respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)    Award Glover compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Glover which resulted from the discrimination with applicable prejudment and statutory interest;

e)    Award Glover costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Glover a judgement against Defendant for the liquidated damages as a result of Defendant's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.

## COUNT II
## Retaliation

23.    That Glover incorporates the preceding paragraphs by reference here.

24.    That in or around the last week of August 2005, Glover complained to Delores Randall, CNA supervisor, about Barbara Bolden's inappropriate age related comments and how Barbara Bolden was assigning her extra work duties.

25.    That on or about the day after Glover complained to Delores Randall, Barbara Bolden approached Glover and stated to Glover, "oh you are going to report me to Delores?, well you can take that assignment over there."  The assignment that Barbara Bolden was referring to consisted of a heavy lifting assignment, and an additional patient to take care of, one more than the other CNA's on the floor.  Barbara Bolden also suggested to Glover that she should just quit.

26.    That on or around September 7, 2005, shortly after Glover's complaint of harassment, Kenwood supposedly received an anonymous complaint via facsimile

regarding Complainant.

27.    That on or around September 7, 2005, shortly after Glover's complaint of harassment, Kenwood terminated Glover's employment.

28.    That this conduct by Kenwood directed against Glover for complaining about harassment amounts to retaliation in violation of the law.

29.    That Defendant's treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's federally protected rights.

30.    That said retaliation adversely affected the terms and conditions of Plaintiff's employment with Defendant.

31.    That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, fringe benefits, pension, seniority benefits, and other employment benefits.

32.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of his right to be free from discrimination, and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Glover and his friends, family, and

colleagues.

33.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Glover respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)    Award Glover compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Glover which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Glover costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Glover a judgement against Defendant for the liquidated damages as a result of Defendant's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.

## COUNT III
## Age Discrimination in Termination

34.    That Glover incorporates the preceding paragraphs by reference here.


35.    That Defendant terminated Glover due to her age.

36.    That similarly simulated younger employees of Defendant were not terminated.


37.    That Defendant further subjected Glover to illegal, inferior, and miserable terms and conditions of employment due to her race in violation of the ADEA.


## PRAYER FOR RELIEF

WHEREFORE, Glover respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)    Award Glover compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Glover which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Glover costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Glover a judgement against Defendant for the liquidated damages as a result of Defendant's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.


Respectfully Submitted,
Ella Glover,

  /s Uche O. Asonye_____
One of Her Attorneys


Uche O. Asonye - 06209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603

## **JURY DEMAND**

NOW COMES the Plaintiff by and through her attorney, and hereby demands a trial by jury in the above entitled cause of action.


Respectfully Submitted,
Ella Glover,

 /s Uche O. Asonye
One of Her Attorneys


Uche O. Asonye - 06209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603

08CV2030
JUDGE KENDALL   YM
MAGISTRATE JUDGE KEYS

# EXHIBIT 1

EEOC Form 161-B (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Ella M. Glover<br>9716 S Jeffery<br>Chicago, IL 60617 | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800**<br>**Chicago, IL 60661** |
|---|---|

CERTIFIED MAIL 7099 3400 0014 4054 2983

☐  On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-00064 | **Armernola P. Smith,**<br>**State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*                                    03/07/2008

| Enclosures(s) | **John P. Rowe,**<br>**District Director** | *(Date Mailed)* |
|---|---|---|

cc:   **KENWOOD HEALTH CENTER**
      **6125 S Kenwood**
      **Chicago, IL 60637**

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| the Privacy Act of 1974 affects this form: See Privacy act statement before completing this form.  06w1012.02 | ☒ IDHR  ☐ EEOC | 2006CA0846 |

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.) Ella M. Glover | HOME TELEPHONE (include area code) (773) 221-9398 | |
|---|---|---|
| STREET ADDRESS 9716 S. Jeffery Blvd. | CITY, STATE AND ZIP CODE Chicago, Illinois 60617 | DATE OF BIRTH 02/27/44 |

NAMED IS THE EMPOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME Kenwood Health Care | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) (773) 752-6000 |
|---|---|---|
| STREET ADDRESS 6125 S. Kenwood | CITY, STATE AND ZIP CODE Chicago, Illinois 60637 | COUNTY Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| | EARLIEST (ADEA/EPA)  LATEST (ALL) 08/01/05        09/07/05 |

**AGE    PHYSICAL HANDICAP**                              ☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed attach extra sheets)

I.  A.    **ISSUE/BASIS**

### HARASSMENT – SINCE AUGUST, 2005, AND CONTINUING UNTIL SEPTEMBER 7, 2005, DUE TO MY AGE, 61

B.    **PRIMA FACIE ALLEGATIONS**

1.    I am 61 years of age.

2.    My work performance as a certified nurse's assistant/rehabilitation aide met Respondent's expectations. I was hired on September 29, 1992.

3.    Throughout the relevant time period I was harassed by Barbara Bolden (27), Charge Nurse, who repeatedly made disparaging remarks referencing my age, stating that I am too old to complete nursing duties, I should quit because I was too old and assigned me the hardest tasks to complete within a short period of time.

**(Continued)**

I also want this charge filed with the EEOC, I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS

_Kryptut I Roger_    10/12/05

NOTARY SIGNATURE        MONTH DATE-YEAR

X _Ella M. Glover_  10-12-05
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

"OFFICIAL SEAL"
Krystal I. Rogers
Notary Public, State of Illinois
My Commission Expires Nov. 15, 2006

Complainant: Ella M. Glover
Charge Number: 2006CA0846
Page 2

Similarly situated, younger employees, were not harassed in this manner.

II.  A.  ISSUE/BASIS

DISCHARGE – SEPTEMBER 7, 2005, DUE TO MY AGE, 61

B.  PRIMA FACIE ALLEGATIONS

1.  I am 61 years of age.

2.  My work performance as a certified nurse's assistant/rehabilitation aide met Respondent's expectations.

3.  On September 7, 2005, I was discharged by Debbie Missal (30's), Director of Nursing. The reason cited for the discharge was due to alleged patient neglect that occurred on September 1, 2005.

4.  I vehemently deny that I engaged in said conduct. Moreover, there have been other younger certified nurse's assistants who been cited patient neglect and they were not discharged.

III.  A.  ISSUE/BASIS

DISCHARGE – SEPTEMBER 7, 2005, DUE TO MY PHYSICAL HANDICAP, HERINATED DISC DISORDER

B.  PRIMA FACIE ALLEGATIONS

1.  I am a handicapped individual within the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2.  Respondent was aware of my condition.

3.  My work performance as a certified nurse's assistant/rehabilitation aide met Respondent's expectations.

4.  On September 7, 2005, I was discharged by Debbie Missal, Director of Nursing. The reason cited for the discharge was due to alleged patient neglect that occurred on September 1, 2005.

5.  I vehemently deny that I engaged in said conduct. My condition is unrelated to my ability to perform the essential functions of my job duties as a certified nurse's assistant/rehabilitation aide.

HMS/RCG/JJT