IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELLA GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2030 |
| | ) | |
| KENWOOD HEALTHCARE CENTER, INC. | ) | Judge Kendall |
| | ) | |
| Defendant. | ) | Magistrate Judge Keys |

**MOTION TO DISMISS COUNT II**

Defendant, KENWOOD HEALTHCARE CENTER, INC., by its attorneys Ashman & Stein, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Count II of Plaintiff's Complaint, and in support thereof states as follows:

1.     Plaintiff has filed a three-count complaint arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Section 621 et seq.  Count I alleges harassment and inferior conditions of employment due to age discrimination.  Count II alleges retaliation.  Count III alleges age discrimination in her employment termination.  Exhibit 1 hereto.

2.     Plaintiff was discharged on September 7, 2005.  She filed her Illinois Department of Human Rights charge on October 17, 2005, alleging that she was discharged due to age, and also due to physical handicap.  Exhibit 2 hereto.

3.     A plaintiff may bring only those claims that were included in her original EEOC charge, or that are like or reasonably related to the allegations of the charge or growing out of the charge, in her subsequent civil suit.  **Menefee vs. United Parcel Service**,

2008 WL 348772 (N.D.Ind., Feb 7, 2008).  Plaintiff has failed to exhaust her administrative remedies with respect to the retaliation claim in Count II.  There is simply not even any mention of retaliation in the EEOC proceeding or the charge.  Plaintiff's employment was terminated **prior** to filing her EEOC charge; thus, there is no justification for Plaintiff not having included the retaliation claim in the administrative proceeding.  **Id., p. 5**.  ("And although a plaintiff may circumvent the exhaustion requirement on a retaliation claim that arises *after* the filing of an EEOC charge (citations omitted), Menefee (plaintiff) has not alleged that UPS retaliated against her after she filed her October 2006 charge.  Therefore her Title VII retaliation claim is dismissed for failing to exhaust the claim.") See also **Thompson vs Fairmont Chicago Hotel**, 525 F. Supp 984, 990 (N.D. Ill., 2007) (retaliation claim cannot be brought when the EEOC only considered discrimination claim); **Heard vs United States Steel**, 2006 WL 3775942 (S.D. Ill., pp 3-4) (the failure to use the word "retaliation in her narrative, her failure to allege that the harassment got worse after she complained, and her failure to allege that she was harassed and terminated because she complained, means that she may not make her retaliation complaint here.")

4.    In further support, Defendant respectfully submits its Memorandum in Support of this Motion to Dismiss.

WHEREFORE, Defendant, KENWOOD HEALTHCARE CENTER, INC., requests that this Court enter an Order granting Defendant's Motion to Dismiss Count II of the Complaint, and for such further relief as the Court deems just.

Defendant, KENWOOD HEALTHCARE
CENTER, INC.


s/Gary D. Ashman
One of Defendant's Attorneys

ASHMAN & STEIN - #37710
Attorneys for Defendant
150 North Wacker Drive
Suite 3000
Chicago, Illinois  60606
(312) 782-3484

3

**CERTIFICATE OF SERVICE**

I certify, under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, that I served a copy of this Motion to Dismiss Count II by faxing a copy of same to:

Mr. Uche O. Asonye
Mr. Scott Fanning
Asonye & Associates
11 South LaSalle Street
Suite 2140
Chicago Illinois 60603
Fax: 312/795-9114

before 5:00 p.m. on July 1, 2008.


                                        S/Gary D. Ashman


Gary D. Ashman - #37710
Ashman & Stein
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone: 312/782-3484

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELLA GLOVER,<br>Plaintiff, | )<br>)<br>) | JURY DEMANDED |
| | )<br>) | Case No.: |
| | )<br>) | |
| vs. | )<br>) | Judge: |
| | )<br>) | Magistrate |
| KENWOOD HEALTHCARE CENTER, INC.<br>Defendant. | )<br>)<br>) | FILED<br>APRIL 10, 2008             YM<br>08CV2030<br>JUDGE KENDALL<br>MAGISTRATE JUDGE KEYS |

**COMPLAINT**

Plaintiff, by her undersigned attorney, for her complaint of discrimination against

Defendant, Kenwood Healthare Center ("Kenwood"), states as follows:

**NATURE OF CASE**

1.     The cause of action for Plaintiff, Ella Glover ("Glover"), arises under the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C Section 621 et seq.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this matter based upon 29 U.S.C Section

621, and 28 U.S.C. Paragraph 1331.

3.     Venue in the Northern District of Illinois is proper.  The claim for relief arose

in this state.

4.      All conditions precedent have been fulfilled by Plaintiff, including the filing of

a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC")

of the United States Government, and a receipt of a Right-to-Sue Letter from the EEOC.

(EEOC Charges and Right-to-Sue Letters attached as Exhibit A).

## PARTIES

5.      Plaintiff, Glover, is female, and is more than forty (40) years of age and was

more than forty (40) years of age at all times material herein.  Plaintiff is a resident of the

state of Illinois.

6.      Defendant, Kenwood, conducts business in the state of Illinois and at all

times pertinent hereto, Defendant was engaged in an industry affecting commerce and has

had twenty or more employees for each working day in each of twenty or more calendar

weeks in the current or preceding calendar year.

7.      At times material herein, Defendant operated a health and rehabilitation

center located at 9716 South Jeffrey Boulevard, Chicago, Illinois 60617.

8.      That at all times relevant herein, Defendant, Kenwood, was Plaintiff's

employer for purposes of the ADEA.

## COUNT I
## Hostile Work Environment Harassment / Inferior Terms and Conditions of Employment Due to Age

9.      That Glover incorporates the preceding paragraphs by reference here.

10.     That Plaintiff was hired by Defendant on September 29, 1992, as a physical rehabilitation aid at Defendant's location in Chicago, Illinois.  During all relevant times herein, Plaintiff was employed by the Defendant as an certified nurses assistant ("CNA") and physical rehabilitation aid.

11.     That during her employment with Defendant, Plaintiff performed her assigned tasks in a satisfactory manner according to Defendant's standards.

12.     That during all material times herein, Defendant employed Barbara Bolden as a charge nurse.

13.     That beginning in August of 2005 and continuing until September 7, 2005, Glover was assigned to perform CNA duties on the fourth floor of Defendant's faciltiy.

14.     That from August of 2005 and continuing until September 7, 2005, Barbara Bolden was a supervisor on the fourth floor.

15.     That beginning in August 2005 and continuing until September 7, 2005,

Glover was subjected to harassing remarks based on her age, such as: "I'm sick and tired of you old people, you need to just quit"; "You're too old, you probably can't get another job"; "You're too old to lift your own patients, you need to quit"; and "I'm sick of you old folks, I can't tell you nothing, you all have been here too long and think you know everything."

16.     That beginning in August 2005 and continuing until September 7, 2005, Barbara Bolden would subject Glover to additional harassment by continually assigning Glover the heaviest patients to monitor while working on the fourth floor. When Glover asked to change assignments, Barbara Bolden would inform Glover that she could not change patients.

17.     That Glover's employment with Defendant on September 7, 2005 due to her age.

18.     That Defendant's treatment of Plaintiff was motivated by evil motive and intent and was in reckless and callous indifference to Plaintiff's federally protected rights.

19.     That Defendant's conduct subjected Plaintiff to unequal treatment due to Plaintiff's age, over forty, in violation of the law.

20.     That said age discrimination adversely affected the terms and conditions of Plaintiff's employment with Defendant.

21.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Plaintiff and her friends and family.

22.    As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity, painful embarrassment among her friends and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Glover respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)    Award Glover compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Glover which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Glover costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Glover a judgement against Defendant for the liquidated damages as a result of Defendant's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.

## COUNT II
## Retaliation

23.    That Glover incorporates the preceding paragraphs by reference here.

24.    That in or around the last week of August 2005, Glover complained to Delores Randall, CNA supervisor, about Barbara Bolden's inappropriate age related comments and how Barbara Bolden was assigning her extra work duties.

25.    That on or about the day after Glover complained to Delores Randall, Barbara Bolden approached Glover and stated to Glover, "oh you are going to report me to Delores?, well you can take that assignment over there." The assignment that Barbara Bolden was referring to consisted of a heavy lifting assignment, and an additional patient to take care of, one more than the other CNA's on the floor. Barbara Bolden also suggested to Glover that she should just quit.

26.    That on or around September 7, 2005, shortly after Glover's complaint of harassment, Kenwood supposedly received an anonymous complaint via facsimile

regarding Complainant.

27.    That on or around September 7, 2005, shortly after Glover's complaint of harassment, Kenwood terminated Glover's employment.

28.    That this conduct by Kenwood directed against Glover for complaining about harassment amounts to retaliation in violation of the law.

29.    That Defendant's treatment of Plaintiff was motivated by evil motive and intent, and was recklessly and callously indifferent to Plaintiff's federally protected rights.

30.    That said retaliation adversely affected the terms and conditions of Plaintiff's employment with Defendant.

31.    That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, fringe benefits, pension, seniority benefits, and other employment benefits.

32.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of his right to be free from discrimination, and great humiliation which is manifest in physical illnesses and emotional stress on the relationships between Glover and his friends, family, and

colleagues.

33.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

## PRAYER FOR RELIEF

WHEREFORE, Glover respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)    Award Glover compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Glover which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Glover costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Glover a judgement against Defendant for the liquidated damages as a result of Defendant's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.

## COUNT III
## Age Discrimination in Termination

34.    That Glover incorporates the preceding paragraphs by reference here.

35.    That Defendant terminated Glover due to her age.

36.    That similarly simulated younger employees of Defendant were not terminated.

37.    That Defendant further subjected Glover to illegal, inferior, and miserable terms and conditions of employment due to her race in violation of the ADEA.

## PRAYER FOR RELIEF

WHEREFORE, Glover respectfully prays that the Court provide the following equitable and legal relief:

a)    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way;

b)    Enter judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United States;

c)    Enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm;

d)    Award Glover compensatory damages, reinstatement and lost wages, including back pay, front pay and lost fringe benefits, and including, without limitation, any lost benefits that would otherwise have been included in the 401(k) pension plans of Glover which resulted from the discrimination with applicable prejudgment and statutory interest;

e)    Award Glover costs of litigation, including reasonable attorneys' fees and experts' fees and expenses;

f)    Award Glover a judgement against Defendant for the liquidated damages as a result of Defendant's willful violation of the ADEA; and

g)    Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
Ella Glover,

/s Uche O. Asonye
One of Her Attorneys

Uche O. Asonye - 06209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603

# EXHIBIT 2

/06/2008  16:29    312-814-6251    IDHR

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| s Privacy Act of 1974 affects this form: See Privacy act statement before<br>npleting this form.        06w1012.02 | ☒ IDHR<br><br>☐ EEOC | 2006CA0846 |

### Illinois Department of Human Rights and EEOC

| | HOME TELEPHONE (include area code)<br>(773) 221-9398 |
|---|---|
| AME (indicate Mr. Ms. Mrs.)<br>Ella M. Glover | DATE OF BIRTH<br>02/27/44 |

| STREET ADDRESS<br>716 S. Jeffery Blvd. | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60617 | |
|---|---|---|

AMED IS THE EMPOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR
LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Kenwood Health Care | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE (include area code)<br>(773) 752-6000 | |
|---|---|---|---|
| | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60637 | | COUNTY<br>Cook |
| STREET ADDRESS<br>6125 S. Kenwood | | | |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| | EARLIEST (ADEA/EPA)    LATEST (ALL)<br>08/01/05                          09/07/05 |
| AGE      PHYSICAL HANDICAP | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed attach extra sheets)

I.    A.    ISSUE/BASIS

      HARASSMENT – SINCE AUGUST, 2005, AND CONTINUING UNTIL
      SEPTEMBER 7, 2005, DUE TO MY AGE, 61

    B.    PRIMA FACIE ALLEGATIONS

      1.    I am 61 years of age.

      2.    My work performance as a certified nurse's assistant/rehabilitation aide met
           Respondent's expectations. I was hired on September 29, 1992.

      3.    Throughout the relevant time period I was harassed by Barbara Bolden (27), Charge
           Nurse, who repeatedly made disparaging remarks referencing my age, stating that I
           am too old to complete nursing duties, I should quit because I was too old and
           assigned me the hardest tasks to complete within a short period of time.

(Continued)

| I also want this charge filed with the EEOC. I will advise the agencies if I<br>change my address or telephone number and I will cooperate fully with them<br>in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br><br>_Kuystul I Rogu_    10/12/05<br>NOTARY SIGNATURE    MONTH DATE-YEAR |
|---|---|
| "OFFICIAL SEAL"<br>Krystal I. Rogers<br>Notary Public, State of Illinois<br>My Commission Expires Nov. 15, 2006 | X _Ella M. Glover_    10-12-05<br>SIGNATURE OF COMPLAINANT    DATE<br>I declare under penalty that the foregoing is true and correct I swear or<br>affirm that I have read the above charge and that it is true to the best of my<br>knowledge, information and belief |

Complainant: Ella M. Glover
Charge Number: 2006CA0846
Page 2

Similarly situated, younger employees, were not harassed in this manner.

II. A. ISSUE/BASIS

DISCHARGE – SEPTEMBER 7, 2005, DUE TO MY AGE, 61

B. PRIMA FACIE ALLEGATIONS

1. I am 61 years of age.

2. My work performance as a certified nurse's assistant/rehabilitation aide met Respondent's expectations.

3. On September 7, 2005, I was discharged by Debbie Missal (30's), Director of Nursing. The reason cited for the discharge was due to alleged patient neglect that occurred on September 1, 2005.

4. I vehemently deny that I engaged in said conduct. Moreover, there have been other younger certified nurse's assistants who been cited patient neglect and they were not discharged.

III. A. ISSUE/BASIS

DISCHARGE – SEPTEMBER 7, 2005, DUE TO MY PHYSICAL HANDICAP, HERINATED DISC DISORDER

B. PRIMA FACIE ALLEGATIONS

1. I am a handicapped individual within the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2. Respondent was aware of my condition.

3. My work performance as a certified nurse's assistant/rehabilitation aide met Respondent's expectations.

4. On September 7, 2005, I was discharged by Debbie Missal, Director of Nursing. The reason cited for the discharge was due to alleged patient neglect that occurred on September 1, 2005.

5. I vehemently deny that I engaged in said conduct. My condition is unrelated to my ability to perform the essential functions of my job duties as a certified nurse's assistant/rehabilitation aide.

HMS/RCG/JJT