IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELLA GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2030 |
| | ) | |
| KENWOOD HEALTHCARE CENTER, INC., | ) | Judge Kendall |
| | ) | |
| Defendant. | ) | Magistrate Judge Keys |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS COUNT II**

Defendant, KENWOOD HEALTHCARE CENTER, INC., by its attorneys Ashman & Stein, and as its Memorandum in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

**BACKGROUND**

Plaintiff, Ella Glover, a former nurse's aide employed by Defendant, was discharged on September 7, 2005 by reason of her misconduct, insubordination and patient neglect. On October 17, 2005, Plaintiff filed her claim before the Illinois Department of Human Rights, and the EEOC, claiming that she was harassed and discharged due to her age, also claiming that she was wrongfully discharged due to her physical handicap. **Plaintiff made no reference in the administrative proceedings to retaliation of any kind**. Yet Count II alleges that Defendant's conduct was in retaliation for Plaintiff having complained of harassment. Because Plaintiff did not raise retaliation in the administrative proceedings, she has failed to exhaust her administrative remedies and is barred from seeking recovery for

retaliation in this Court.

## APPLICABLE LAW AND ARGUMENT

In **Peters vs. Renaissance Hotel Operating Company**, 307 F. 3d 535, 550 (7th Cir. 2002), the court observed:

> Generally a plaintiff may not bring claims under Title VII that were not originally brought among the charges to the EEOC. (Citations omitted). This rule both affords an opportunity for the EEOC to settle the dispute between the employee and employer and puts the employer on notice of the charge against it. Nevertheless, this court has allowed plaintiffs to proceed on claims not explicitly set forth in a charge of discrimination if the claim is "like or reasonably related" to the EEOC charges, and the claim in the complaint "reasonably could be expected to grow out of an EEOC investigation of the charge". For purposes of this standard, the claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint describe the *same conduct* and implicate the *same individuals*. (Emphasis in original).

In Peters, the plaintiff filed his initial complaint alleging that the defendant engaged in discriminatory treatment of both its patrons and its employees, but made no allegations in the administrative proceedings of retaliation. The 7th Circuit determined that the subsequently-filed retaliation claim was like or reasonably related to this discrimination charge. Moreover, the plaintiff in Peters did not check the box on the charge form indicating retaliation, nor did he specify the type of protected activity he was engaged in that caused the alleged retaliation. Accordingly, the Peters court affirmed the dismissal of the retaliation claim based on this procedural deficiency. 307 F. 3d 535, 551.

In **Menefee vs. United Parcel Services, Inc**., 2008 WL 348772 (N.D. Ind., Feb. 7, 2008), the plaintiff filed her initial EEOC complaint alleging discrimination on the basis of

race, sex, and disability. In her Complaint in the District Court, she alleged that defendant discriminated against her on the basis of race and sex, but dropped her disability charge and added a retaliation claim - - exactly as in this case. Defendant UPS moved, in part, to dismiss the retaliation claim for failure to exhaust administrative remedies.

In granting defendant's motion to dismiss the retaliation claims, the **Menefee** Court held:

> Menefee did not include retaliation in her EEOC charge. And in her response to the motion to dismiss, Plaintiff does not offer any explanation of how her retaliation claim is like or reasonably related to her EEOC charge. Nothing in her charge or her Complaint even suggests a factual basis for a retaliation claim. To state a claim for Title VII retaliation, Plaintiff must plead facts supporting that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) and there is a causal link between the protected expression and the adverse action. (Citations omitted). But Menefee has not alleged any statutorily protected expression and an adverse action on the part of UPS. And although a plaintiff may circumvent the exhaustion requirement on a retaliation claim that arises *after* the filing of an EEOC charge, Menefee has not alleged that UPS retaliated against her after she filed her October 2006 charge. Therefore her Title VII retaliation claim is dismissed for failing to exhaust the claim. (Emphasis in original). **Id.**, 2008 WL 348772, p. 6.

Here, Plaintiff was terminated on September 7, 2005. She filed her EEOC claim on October 17, 2005, alleging harassment based on age and discrimination based on physical handicap. Plaintiff made no allegation of retaliation in her Charge of Discrimination, nor does she describe - - either in the Charge or the Complaint - - any protected conduct which she engaged in that caused the alleged retaliation. If Plaintiff wanted to accuse Defendant of retaliation, she was required to include it in her Charge before the EEOC and provide

3

Defendant with notice of such claim. Her failure to do so initially should bar any effort to bring this claim for the first time nearly three years after the fact. **Accord**, **Thompson vs Fairmont Chicago Hotel**, 525 F. Supp 984, 990 (N.D. Ill., 2007) (retaliation claim cannot be brought when the EEOC only considered discrimination claim); **Heard vs United States Steel**, 2006 WL 3775942 (S.D. Ill., pp 3-4) (the failure to use the word "retaliation in her narrative, her failure to allege that the harassment got worse after she complained, and her failure to allege that she was harassed and terminated because she complained, means that she may not make her retaliation complaint here.")

Plaintiff's failure to exhaust her administrative remedy respecting retaliation requires the dismissal of Count II of the Complaint.

WHEREFORE, Defendant, KENWOOD HEALTHCARE CENTER, INC., respectfully requests that this Court enter an Order granting Defendant's Motion to Dismiss Count II of the Complaint, and for such further relief as the Court deems just.

    Defendant, KENWOOD HEALTHCARE CENTER, INC.

    s/Gary D. Ashman
    One of Defendant's Attorneys

ASHMAN & STEIN - #37710
Attorneys for Defendant
150 North Wacker Drive
Suite 3000
Chicago, Illinois  60606
(312) 782-3484

**CERTIFICATE OF SERVICE**

     I certify, under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, that I served a copy of this Defendant's Memorandum in Support of Its Motion to Dismiss Count II by faxing a copy of same to:

Mr. Uche O. Asonye
Mr. Scott Fanning
Asonye & Associates
11 South LaSalle Street
Suite 2140
Chicago Illinois 60603
Fax: 312/795-9114

before 5:00 p.m. on July 1, 2008.

                                                                S/Gary D. Ashman

Gary D. Ashman - #37710
Ashman & Stein
150 North Wacker Drive
Suite 3000
Chicago, Illinois 60606
Telephone: 312/782-3484